UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE KANG,<br><br>                  Plaintiff,<br><br>v.<br><br>OFFICER MICHAEL WHEELUS; OFFICER JOLENE THIM; CITY OF SAN DIEGO; and OFFICER BRUNO LOPES CONTRERAS SILVA,<br><br>                  Defendants. | Case No.: 25-cv-1621-JES-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 9]** |

Plaintiff Joe Kang ("Plaintiff") brings this action against Defendants Michael Wheelus, Jolene Thim, Bruno Lopes Contreras Silva, and the City of San Diego ("Defendants"), alleging various causes of action arising from his arrest at his home. ECF No. 3 ("FAC"). Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9 ("Mot."). Plaintiff filed an opposition and Defendants filed a reply. ECF Nos. 16, 18. Plaintiff also filed an Amended Request for Judicial Notice. ECF No. 17. On October 22, 2025, the Court heard oral argument on the motion. ECF No. 20. For the reasons stated herein, Defendants' motion is **GRANTED IN PART AND DENIED IN PART,** and Plaintiff is given leave to amend.

///

## I. BACKGROUND

The claims in this action arise from Plaintiff's arrest by San Diego police officers at his home. FAC ¶ 2. On June 25, 2023, Defendant Officers Wheelus, Thim, and Silva responded to a domestic violence call at Plaintiff's home. *Id.* Plaintiff states that the call was based on false allegations following a fight within his family. *Id.* ¶¶ 15-19. Defendant answered the door for the officers, and Officer Wheelus instructed him to step outside. *Id.* ¶¶ 20-21. Officer Wheelus asked Plaintiff what was happening, and Plaintiff responded that his daughter threw a chair at him and he was yelling at her as a result. *Id.* ¶ 23.

Plaintiff states that he then turned to retrieve his slippers, and Officer Wheelus moved to handcuff him. *Id.* ¶ 26. Plaintiff alleges that Officers Wheelus and Thim twisted Plaintiff's arms violently, causing bruising, despite Plaintiff complying with being handcuffed. *Id.* ¶¶ 26-28. Plaintiff states that he screamed and yelled that the officers were breaking his arm. *Id.* ¶ 29. Plaintiff states that the officers then slammed his head against the wall near his front door so forcefully that it caused a concussion and neck injury. *Id.* ¶ 30.

The officers escorted Plaintiff towards their patrol car. *Id.* ¶ 32. Plaintiff states that the officers yanked and pulled his arms and threw him down on his lawn on the way to the car, causing a back injury. *Id.* ¶ 33. Plaintiff states that his memory became fragmented following being thrown to the ground due to head trauma and concussion. *Id.* ¶ 35. Plaintiff states that he was then placed in the patrol car, and one of the officers reached behind his back and squeezed the handcuffs so tightly that they cut through his skin, causing bleeding and severe pain. *Id.* ¶ 35.

Plaintiff states that his wife, Young Kang, gave statements during the incident to Officer Silva indicating that he had not been intentionally violent. *Id.* ¶ 38. Plaintiff was transported to the emergency room and then to jail. *Id.* ¶ 41. Plaintiff states that he has suffered significant injuries, costs, loss of work due to this incident, and public humiliation and embarrassment. *Id.* ¶¶ 45, 47-49.

///

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

When a court dismisses a complaint under FRCP 12(b)(6), it must then decide whether to grant leave to amend. FRCP 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile,

district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### III. DISCUSSION

**A. *Monell* Liability**

Defendants argue that Plaintiff does not state a claim for Monell liability because (1) *Monell* is not an independent cause of action and (2) Plaintiff has not sufficiently alleged *Monell* liability against the city. Mot. at 3, 8.

In *Monell*, the Supreme Court held that local governments can be held liable under 42 U.S.C. § 1983 for injuries caused by their officers' unconstitutional actions when those injuries result from official policy or custom attributable to the government. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Defendants cite *Krystal v. City of Carlsbad* for the proposition that "[Monell] does not, however, stand alone as a cause of action," and therefore Plaintiff's *Monell* claim is subject to dismissal. Mot. at 3; No. 22-cv-1329-BAS-JLB, 2023 WL 3829718, at *2 (S.D. Cal. Jun. 5, 2023). This citation is misleading without the sentence that follows: "If the Court dismisses all other causes of action, then it must also dismiss Plaintiff's 'Monell' claim." *Id.* This section of this case stands only for the unremarkable notion that a *Monell* claim is not viable against a city if a plaintiff has not suffered an underlying constitutional injury. Here, Plaintiff states underlying injuries that are typical of excessive force claims, but does not explicitly state the basis for his *Monell* claim. FAC ¶¶ 68-78, 89-111. At the motion hearing, Plaintiff conceded that he did not explicitly state the grounds for his Monell claim and requested leave to amend. The Court therefore **GRANTS** Defendants' motion to dismiss Plaintiff's second cause of action, but grants Plaintiff leave to amend to clearly state the underlying constitutional injury upon which his *Monell* claim is based.

Defendants also argue that Plaintiff's *Monell* claim is subject to dismissal because Plaintiff alleges insufficient evidence of the City's custom or policy that led to his injury.

Mot. at 8. *Monell* caselaw shows three theories of liability under which a plaintiff may proceed against a local government body: "(1) the constitutional violation was the result of a governmental policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act." *Perryman v. City of Pittsburg*, 545 F. Supp. 3d 796, 799 (N.D. Cal. 2021). To show a custom or practice entitled to the presumption of truth in a motion to dismiss, a complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and those facts, taken as true, "must plausibly suggest an entitlement to relief." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Here, Plaintiff alleges a pattern of excessive force by the San Diego Police Department based on a 2016 Department of Justice report, external evaluations of the department, and past instances of police misconduct. FAC ¶¶ 81-83. Plaintiff alleges that the City was on notice of these issues from prior reports of police misconduct and settlements against the Department, and that their failure to adequately train, supervise, and discipline officers led to his injury. *Id.* ¶¶ 80-81. The Court finds Plaintiff's allegations give enough notice on his claims for the Defendant City to defend itself, and that his claims, taken as true, plausibly suggest an entitlement to relief. *See AE ex rel. Hernandez*, 666 F3d at 637. Plaintiff has thus pled a policy or custom entitled to the presumption of truth in a motion to dismiss. As the Monell claims are dismissed with leave to amend on other grounds, Plaintiff is free to amend and add additional allegations showing the policy or custom he alleges and how it is connected to his specific claims, including the prior incidents Plaintiff argued in his opposition that were included in documents Plaintiff requests the Court take judicial notice.

**B. False Arrest and False Imprisonment**

Defendants argue that Plaintiff's false arrest and false imprisonment claims should be dismissed because (1) they are the same cause of action by different names and may not

be pled together, and (2) the police officers had probable cause to arrest him based on his own recitation of facts. Mot. at 4. Defendants are correct in their first argument. In California, "'false arrest' and 'false imprisonment' are not separate torts. False arrest is but one way of committing a false imprisonment, and they are distinguishable only in terminology." *Collins v. City and County of San Francisco*, 50 Cal.App.3d 671, 673 (1975). Plaintiff may therefore plead either one of these causes of action, but not the same cause of action twice by different names. Defendant's motion to dismiss is thus **GRANTED** on this basis, and Plaintiff is given leave to amend to select under which of the two causes of action he wishes to proceed.

      Defendant also argues that Plaintiff's recitation of facts does not state a claim for either cause of action because the facts in the FAC shows that the officer's had probable cause for his arrest. Mot. at 5. A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). Probable cause is difficult to define and determined based upon the totality of circumstances in a case, including "the factual and practical considerations of everyday life." *Illinois v. Gates*, 462 U.S. 213, 231 (1983). However, in all cases, "[t]he substance of all the definitions of probable cause is a reasonable ground for belief of guilt, and that the belief of guilt must be particularized with respect to the person to be searched or seized." *Pringle*, 540 U.S. at 371 (internal quotations and citations omitted).

      Here, Plaintiff states that he was arrested despite his and his wife's statements that the 911 call was a false claim against him by his daughter. FAC ¶¶ 23, 38, 43-44. Plaintiff alleges that the officers actually knew of Plaintiff's wife's "unequivocal, exonerating statement from the supposed victim," yet arrested him "[i]n a deliberate act of legal fiction designed to cover for their violent conduct." *Id.* ¶ 44. Taken as true, as required in ruling on a motion to dismiss, these statements are sufficient to allege that the officers did not have probable cause to arrest Plaintiff.

///

### C. Deliberate Indifference to Medical Care

Defendants argue that Plaintiff's deliberate indifference claim should be dismissed because Defendant officers met their obligation by ensuring that Plaintiff received medical care. Mot. at 6.

"[F]or persons who are detained by police in the course of an arrest, the Fourth Amendment's prohibition on the use of excessive force protects against the deprivation of necessary medical care." *D'Braunstein v. California Highway Patrol*, 131 F.4th 764, 769 (9th Cir. 2025) (citing *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1098-99 (9th Cir. 2006)). Under the Fourth Amendment "objectively reasonable post-arrest care," is required, meaning officers must "seek the necessary medical help or by taking the injured detainee to a hospital." *D'Braunstein*, 131 F.4th at 769 (internal citations and quotations omitted). But this does not "require an officer to provide what hindsight reveals to be the most effective medical care for an arrested suspect." *Id.*; *see Tatum*, 441 F.3d at 1099 (officers who promptly requested an ambulance for an arrestee, but did not perform CPR on him, acted in an objectively reasonable manner.).

Here, Plaintiff states that he was treated by emergency medical technicians ("EMTs") who were called to the scene. FAC ¶ 36. He argues that the EMTs' assessment was "brief and inadequate," and that the officers thus failed to ensure that he received adequate medical treatment. *Id.* However, the duty of the officers was to ensure that Plaintiff received necessary medical help, not to ensure the adequacy of that treatment. *See D'Braunstein*, 131 F.4th at 769. The officers' conduct was objectively reasonable as they sought the necessary medical help for Plaintiff. To hold otherwise would hold police officers responsible for the errors of healthcare providers. The officers here met their duty by ensuring that Plaintiff was treated by EMTs. The Plaintiff conceded this point at the hearing on this motion. The motion to dismiss Plaintiff's fifth cause of action is therefore **GRANTED without leave to amend.**

///

///

**D. Judicial Notice**

Plaintiff requests judicial notice of documents supporting his *Monell* allegations. ECF No. 17. Several of the documents are public records in which the Court can take judicial notice. However, in light of the deficiencies noted above regarding the *Monell* claim, and Plaintiff's request for leave to amend, the Court **DENIES as moot** the request to take judicial notice of the documents. As mentioned above, Plaintiff may incorporate facts from the public records into his amended complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART** with leave to amend the *Monell* claim, and the false imprisonment or false arrest claim. Recognizing that Plaintiff may retain counsel per his recent motion (ECF No. 19), the Court grants Plaintiff **90 days** from the date of this Order to file his amended complaint.

**IT IS SO ORDERED.**

Dated: October 24, 2025

Honorable James E. Simmons Jr.
United States District Judge