UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOE KANG,

Plaintiff,

v.

OFFICER MICHAEL WHEELUS;
OFFICER JOLENE THIM; CITY OF
SAN DIEGO; and OFFICER BRUNO
LOPES CONTRERAS SILVA,

Defendants.

Case No.: 25-cv-1621-JES-KSC

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS**

**[ECF Nos. 24, 25]**

*Pro se* Plaintiff Joe Kang ("Plaintiff") brings this action against Defendants Officers Michael Wheelus ("Officer Wheelus"), Jolene Thim ("Officer Thim"), Bruno Lopes Contreras Silva ("Officer Silva"), and the City of San Diego ("Defendants"), alleging various causes of action arising from his arrest at his home. ECF No. 23 ("SAC"). As Plaintiff's First Amended Complaint (ECF No. 3) was previously dismissed in part by this Court (ECF No. 22), the Second Amended Complaint is now the operative complaint in this matter. *See id.*

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 24-1 ("Mot."). Plaintiff filed an opposition and Defendants filed a reply. ECF Nos. 25 ("Opp'n"), 27 ("Reply"). Plaintiff also filed a Request for Judicial Notice. ECF

1

No. 26. On March 25, 2026, the Court heard oral argument on the motion. ECF No. 29. For the reasons stated herein, Defendants' motion is **DENIED.**

## I.   BACKGROUND

The claims in this action arise from Plaintiff's arrest by San Diego police officers at his home. SAC ¶ 2. On June 25, 2023, Defendant Officers Wheelus, Thim, and Silva responded to a domestic violence call at Plaintiff's home. *Id.* Plaintiff states that the call was based on false allegations following a fight within his family. *Id.* ¶¶ 15-18. Plaintiff answered the door for the officers, and Officer Wheelus instructed him to step outside. *Id.* ¶¶ 20-21. Officer Wheelus asked Plaintiff what was happening, and Plaintiff responded that his daughter threw a chair at him and he was yelling at her as a result. *Id.* ¶ 22.

Plaintiff states that he then turned to retrieve his slippers, and Officer Wheelus moved to handcuff him. *Id.* ¶¶ 24-25. Plaintiff alleges that Officers Wheelus and Thim twisted Plaintiff's arms violently, causing bruising to his elbow joints, despite Plaintiff complying with being handcuffed. *Id.* ¶ 26. Plaintiff states that he screamed and yelled that the officers were breaking his arm. *Id.* ¶ 27. Plaintiff states that the officers then slammed his head against the wall near his front door so forcefully that it caused a concussion and neck injury. *Id.* ¶ 28.

The officers escorted Plaintiff towards their patrol car. *Id.* ¶ 30. Plaintiff states that the officers threw him down on the lawn twice, causing a back injury. *Id.* ¶ 31. Plaintiff states that his memory became fragmented following being thrown to the ground due to head trauma and a concussion. *Id.* ¶ 33. Plaintiff states that he was then placed in the patrol car, and one of the officers reached behind his back and squeezed the handcuffs so tightly that they cut through his skin, causing bleeding and severe pain, despite him repeatedly saying the handcuffs were cutting him. *Id.* ¶ 34.

Plaintiff states that his wife, Young Kang, gave statements during the incident to Officer Silva indicating that he had not been intentionally violent. *Id.* ¶ 36. Plaintiff was transported to the emergency room and then to jail. *Id.* ¶ 40. Plaintiff states that he has

25-cv-1621-JES-KSC

suffered significant injuries, costs, loss of work due to this incident, and public humiliation and embarrassment. *Id.* ¶¶ 54-57.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

## III.  DISCUSSION

In the motion to dismiss, Defendants challenge only Count 4 of the Complaint. *See generally*, Mot. Defendants argue that Count 4 is improperly pled as a stand-alone *Monell* claim, and that Plaintiff states insufficient factual allegations to support ratification of excessive force as required for *Monell*. Mot. at 3-6. The Court examines these arguments below.

## A. *Monell* Cause of Action

Defendants argue that Plaintiff does not state a claim for *Monell* liability because *Monell* is not an independent cause of action. Mot. at 3-4. Plaintiff argues that he has stated the underlying constitutional claim for his Monell action, and that it is properly pled. Opp'n ¶¶ 13-15. Plaintiff is correct.

Defendants cite *Segal v. City of New York*, 459 F.3d 207 (2006), to argue that Plaintiff's claim fails because he does not separately raise a claim of failure to train. Mot. at 4. In *Segal*, the court explained, "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." 459 F. 3d at 219. In *Segal*, the underlying constitutional claim was a due process violation in an employment case. *Id.* When the underlying claim failed, the *Monell* claim failed. *Id.* The court held that "[b]ecause the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct." *Id.* That is to say, as the Court explained in its previous order, a *Monell* claim fails if the underlying constitutional violation fails. ECF No. 22 at 4. Nowhere does *Segal* suggest that the underlying violation must be pled as failure to train. 459 F. 3d at 219.

Here, Plaintiff's Complaint clearly states that the underlying claim of the *Monell* cause of action is an excessive force claim. SAC ¶ 80. Defendants are incorrect that Plaintiff must plead failure to train as an independent violation. *See, e.g., Segal*, 459 F. 3d at 219. Defendants are also incorrect in their argument that Plaintiff alleging customs related to improper arrests or failure to intervene defeats the *Monell* claim. *See* Mot. at 3. Defendants cite no authority showing that a Plaintiff's inclusion of alleged customs unrelated to the underlying constitutional violation defeats a Monell claim. *See id.* Nor is the Court aware of any authority supporting such a proposition. The Motion to Dismiss the *Monell* claim as improperly pled is **DENIED**.

25-cv-1621-JES-KSC

## B. Ratification of Conduct

Defendants also argue that the *Monell* claim is subject to dismissal because Plaintiff does not properly allege that the City ratified the alleged excessive force. Mot. at 5-6. Defendants also challenge the evidence underlying the excessive force claim. *Id.*

Ratification is not the only theory of Monell liability. As the Court explained in its prior order:

> Monell caselaw shows three theories of liability under which a plaintiff may proceed against a local government body: '(1) the constitutional violation was the result of a governmental policy or a longstanding practice or custom; (2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act.'

ECF No. 22 at 5 (quoting *Perryman v. City of Pittsburg*, 545 F. Supp. 3d 796, 799 (N.D. Cal. 2021)). For claims in the first category, "[o]fficial nonfeasance can constitute a Monell violation when the municipality in effect 'has a policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Scanlon v. County of Los Angeles*, 92 F.4th 781, 812 (9th Cir. 2024) (quoting *Mortimer v. Baca*, 594 F.3d 714, 722 (9th Cir. 2010)).

Because Plaintiff is making the first category of claim, he does not need to allege ratification. *See* SAC ¶ 82 ("The City implemented these customs with deliberate indifference."). Defendant also argues that Plaintiff's citations to Internal Affairs findings to show a policy or custom do not support his claims because they show that internal decisionmakers disapproved of those actions and thus did not ratify the conduct. Mot. at 5. However, repeated reprimands for a series of excessive force claims can logically support a claim of deliberate indifference. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 390, (1989) (explaining that a deliberate indifference *Monell* claim could lie where issues are obvious and the city still fails to act). Nor is the Court convinced by Defendants' conclusory argument that the other incidents cited by Plaintiff, such as the 2016 DOJ report which allegedly "identified significant deficiencies in the City's use-of-force policies," are

irrelevant to Plaintiff's excessive force *Monell* claim. *See* Mot. at 6; SAC ¶ 43. In conclusion, the Motion to Dismiss the *Monell* claim as lacking factual basis or allegations of ratification is **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated: June 8, 2025

_____

Honorable James E. Simmons Jr.
United States District Judge

25-cv-1621-JES-KSC